```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MUSTAFA OZSUSAMLAR,                :

               Petitioner,         :     10 Civ. 6655 (KMW)(HBP)
                                         02 Cr. 763 (KMW)
   -against-                       :
                                         REPORT AND
UNITED STATES,                     :     RECOMMENDATION

               Respondent.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE KIMBA M. WOOD, United States District Judge,

I. Introduction

Mustafa Ozsusamlar seeks, by his pro se motion pursuant to 28 U.S.C. § 2255, an Order vacating or modifying a judgment of conviction entered on February 1, 2007 and modified on July 11, 2008, after a jury trial, by the United States District Court for the Southern District of New York (Wood, D.J.), on six counts: (1) conspiracy to bribe a public official (18 U.S.C. § 371); (2) bribery of a public official (18 U.S.C. § 201(b)(1)(B) and (b)(1)(C)); (3) conspiracy to commit fraud in connection with identification documents (18 U.S.C. § 1028(f)); (4) fraud in connection with identification documents (18 U.S.C. § 1028(a)(1),

(b)(1)(A)(ii) and (c)(3)); (5) conspiracy to transport illegal aliens (8 U.S.C. § 1324(a)(1)(A)(v)(I)), and (6) transportation of illegal aliens (8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II)). By that judgment, Ozsusamlar was sentenced to a term of 235 months' imprisonment, a three-year term of supervised release and a special assessment of $600. The judgment also required that Ozsusamlar pay a fine in the amount of $20,000.00. Ozsusamlar is currently incarcerated pursuant to that judgment.

For the reasons set forth below, I respectfully recommend that the motion be denied.

II. <u>Facts</u>

The facts giving rise to Ozsusamlar's conviction are set forth at length in the opinion of the Honorable Kimba M. Wood, United States District Judge, denying petitioner's original Section 2255 motion. <u>Ozsusamlar v. United States</u>, 09 Civ. 3501 (KMW), 2010 WL 69106 (S.D.N.Y. Jan. 7, 2010). In summary, petition was convicted for participating in a scheme to provide illegal aliens with fraudulent identification documents. Pursuant to the scheme, petitioner drove illegal aliens from the New York metropolitan area to Washington, D.C. In Washington, the aliens would apply for District of Columbia drivers licenses. The aliens would be steered to a clerk at the Department of Motor

Vehicles who had been bribed by petitioner and his conspirators, and the aliens would be issued genuine District of Columbia license to which they were not legally entitled.

Petitioner timely filed an appeal from his conviction, and the United States Court of Appeals for the Second Circuit affirmed the conviction without published opinion on May 22, 2008.  United States v. Ozsusamlar, 278 F. App'x 75 (2d Cir. 2008).  Petitioner did not seek review by the United States Supreme Court.

On or about April 7, 2009, petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 that was docketed as 09 Civ. 3501.  Among other things, petitioner claimed that his trial counsel was ineffective because he failed to (1) present evidence in mitigation of petitioner's sentence, (2) inform the government or the Court that petitioner was working as an informant with the Immigration and Naturalization Service regarding an alien smuggling operation and (3) inform the Government that petitioner could provide information concerning two unsolved murders.  Ozsusamlar v. United States, supra, 2010 WL 69106 at *3.  Judge Wood denied this application on January 7, 2010.

Petitioner timely appealed from Judge Wood's Order and, while his appeal was pending, petitioner filed a motion before

3

Judge Wood seeking leave to file a second habeas corpus petition. (Docket Item 116 in 02 Cr. 763).  The motion did not attach the draft pleading petitioner sought to file, but described the new claim as follows:  "The particular claim involves trial counsel's failure to challenge material testimony from government witnesses where exculpatory (unused) evidence would have demonstrated, inter alia, that someone other than Ozsusamlar committed the crime" (Petitioner's Motion for Leave of Court to File Second Motion Pursuant to § 2255, dated Mar. 7, 2010, ¶ 3 (Docket Item 116 in 02 Cr. 763)).  On April 19, 2010, petitioner also filed a motion in the Court of Appeals to stay the appeal from the denial of his initial 2255 petition until Judge Wood decided his motion for leave to file a second 2255 petition (Docket Item 20 in Docket No. 10-0497 (2d Cir.)).

  On June 10, 2010, Judge Wood denied petitioner's motion to file a second 2255 petition, reasoning that such an application had to be made to the Court of Appeals (Docket Item 117 in 02 Cr. 763).  On July 15, 2010, the Court of Appeals denied petitioner a certificate of appealability from Judge Wood's decision denying petitioner's initial 2255 petition and denied petitioner's motion for a stay (Docket Item 29 in Docket No. 10-0497 (2d Cir.)).  On July 28, 2010, the Court of Appeals denied petitioner's motion for leave to file a second 2255 petition,

4

finding that, pursuant to Whab v. United States, 408 F.3d 116 (2d Cir. 2005), the District Court had jurisdiction to entertain the application because the appeal from the denial of petitioner's initial 2255 motion was still pending when petitioner sought leave to file a second 2255 motion.

Petitioner filed the motion currently before me on September 8, 2010, and I construe the petitioner's application to seek to amend the original petition to add two claims: (1) trial counsel was ineffective for failing to object to Government Exhibit 71 -- a letter by petitioner -- on the grounds that (a) its admission violated a Kastigar agreement, (b) the admissions contained therein were not made knowingly and intelligently and (c) the letter constituted a statement made in the course of unsuccessful plea discussions in another matter and (2) trial counsel was ineffective for failing to cross examine four witnesses (Fedesov, Leeper, Campanella and Sezer) with certain facts that purportedly contradicted their direct testimony (Petition, Docket Item 1 in 10 Civ. 6655).

III. Analysis

Respondent first argues that the application to amend the petition should be denied as untimely.

5

Except to the extent inconsistent with the specific statutory provisions governing section 2255 motions, a motion to amend a Section 2255 petition is governed by liberal standards set forth in Rule 15 of the Federal Rules of Civil Procedure. Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002), quoting Littlejohn v. Artuz, 271 F.3d 360, 362-63 (2d Cir. 2001) (per curiam). Although Rule 15 generally provides that leave to amend a pleading should be granted liberally, a motion to amend may be denied when the proposed amendment would be futile. AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A., 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."); Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003) ("[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile."); Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend should be given freely when justice so requires, where, as here, there is no merit in the proposed amendments, leave to amend should be denied.").

Subject to certain exceptions that are not applicable here, a petition pursuant to Section 2255 must be brought within one year of the date on which the conviction becomes final. 28

U.S.C. § 2255(f)(1). For purposes of applying Section 2255's limitation period, a conviction becomes final when the time to petition the United States Supreme Court for a writ of certiorari expires, i.e., 90 days after the Court of Appeals' decision. Clay v. United States, 537 U.S. 522, 525-26 (2003); Soler v. United States, 10 Civ. 4342 (RJH)(MHD), 05 Cr. 0165 (RJH), 2010 WL 5173858 at *3 (S.D.N.Y. Dec. 20, 2010) (Holwell, D.J.). Petitioner's conviction was affirmed by the Court of Appeals on May 22, 2008. Thus, the conviction became final 90 days later, i.e., on August 20, 2008, and petitioner's time for filing a 2255 motion expired one year later, on August 20, 2009.

Petitioner's earliest attempt to assert the claims he now seeks to add occurred no earlier March 7, 2010 (Docket Item 116 in 02 Cr. 763). I shall assume, without deciding, that the claims should be deemed asserted as of this date. Thus, unless the new claims relate back to petitioner's original 2255 petition, they are approximately six and one-half months late and, thus, futile.

Rule 15(c) of the Federal Rules of Civil Procedure governs when an amendment will relate back. The subdivision of Rule 15(c) that is arguably applicable here is Rule 15(c)(1)(B) which provides that an amendment will relate back when "the amendment asserts a claim or defense that arose out of the

7

conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading . . . ."

In Mayle v. Felix, 545 U.S. 644 (2005), the Supreme Court addressed when an amendment to a habeas corpus petition that is otherwise untimely will relate back to the date of an original, timely-filed petition.  In Mayle, the original, timely-filed petition asserted a claim that petitioner's Sixth Amendment rights under the Confrontation Clause had been violated by the prosecution's use of video-taped testimony.  Five months after the expiration of the one-year limitations period applicable to federal habeas corpus petitions, petitioner filed an amended petition adding a claim that the police had used coercive tactics to elicit incriminating statements from him and that the use of these statements at trial violated petitioner's privilege against self-incrimination, in violation of the Fifth Amendment.  545 U.S. at 648-49.

Justice Ginsburg, writing for the Court, first noted that habeas corpus petitions, unlike a complaint in an ordinary civil action, is subject to a heightened pleading requirement that requires particularity.  Unlike the notice pleading permitted in an ordinary civil action, a habeas corpus petition "must 'specify all grounds for relief available to the petitioner' and 'state the facts supporting each ground.'"  545 U.S. at 655,

quoting Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(c); see also Rules Governing Section 2255 Cases in the United States District Courts, Rule 2(b)(1).

The Court then turned to the issue of how Rule 15(c)(1)(B)'s reference to "conduct, transaction, or occurrence" should be interpreted in the context of a habeas corpus petition. The Court noted that the majority of Circuits that had considered the issue had permitted relation back of new habeas claims "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend on events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. The Court noted that if, as the petitioner contended, "conduct, transaction, or occurrence" were broadly construed and encompassed all pretrial, trial, or post-trial errors, the statute of limitations applicable to habeas corpus proceedings would lose almost all significance because all habeas claims relate to pretrial, trial, and post-trial errors. 545 U.S. at 661-62. The Court concluded that habeas claims that are otherwise untimely will relate back when "the original and amended petitions state claims that are tied to a common core of operative facts" and that any other interpretation would be inconsistent with the requirement that a habeas petitioner allege all facts supporting a claim. 545 U.S. at 664.

9

Accordingly, the Court reversed the decision of the Court of Appeals that concluded that petitioner's Fifth Amendment, self-incrimination claim related back to his Sixth Amendment, Confrontation-Clause claim.

Where as here, a habeas petitioner attempts to amend a petition to add ineffective-assistance claims, federal courts have applied to Mayle to require that the new claims be based on facts already alleged in the petition.  For example, in Gibson v. Artus, 407 F. App'x 517 (2d Cir. 2010), the original petition alleged that trial counsel was ineffective for failing to advise petitioner he had a right to testify in the grand jury.  Petitioner subsequently attempted to add claims that trial counsel was ineffective for failing to:  (1) assert a speedy trial claim, (2) seek dismissal of the indictment based on the trial court's failure to conduct a preliminary hearing and (3) seek dismissal of the indictment because it did not bear petitioner's true name.  407 F. App'x 519.  The Second Circuit affirmed the District Court's rejection of the amended petition as untimely, stating:

> An amendment to a pleading has a clear connection to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."  Fed.R.Civ.P. 15(c)(1)(B).  Here, petitioner argues that the ineffective assistance claims related back to the original claims because each involves the grand jury stage of proceedings. . . .  Mayle forecloses petitioner's argument that the new claims relate

10

> back to the original claims simply because all involve the grand jury proceedings.  The three allegations at issue in the new petition -- namely, counsel's failure to (1) raise a speedy trial challenge; (2) seek a dismissal of the indictment because the trial court refused to hold a preliminary hearing; and (3) seek a dismissal of the indictment because it did not bear petitioner's name -- are in no way related to counsel's alleged failure to inform petitioner of his right to testify before the grand jury.  The claims in the amended petition, therefore, do not relate back to the claims in the original petition and are time-barred.

407 F. App'x at 519.

Numerous other cases have reached the same result and found that ineffective-assistance claims that do not share a common core of facts with the originally-asserted ineffective-assistance clams do not relate back under Rule 15.  Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010) ("It is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial."); United States v. Marulanda, 226 F. App'x 709, 710-11 (9th Cir. 2007) (ineffective-assistance claim based on counsel's reference to a prior trial of defendant on same charge did not relate back to ineffective-assistance claims based on insulting judge, failing to object to the jury selection process, failing to inform defendant of his right to testify, and failing to object to the government's use of the word "Columbian" at trial); United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does

11

not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."); United States v. Sperow, 1:12-cv-00158-BLW, 1:06-cr-00126-BLW, 2012 WL 2254192 at *4 (D. Id. June 15, 2012) ("The fact that the timely filed claims and the proposed claim all allege ineffective assistance of counsel is not sufficient to defeat the statute of limitations."); Story v. United States, 2:09-cv-51, 2:02-cr-22, 2012 WL 2128007 at *4 (E.D. Tenn. June 12, 2012) (ineffective-assistance claim based on counsel's failure to argue that prior conviction could not be used to enhance sentence did not relate back to ineffective-assistance claim based on counsel's failure to argue at sentencing that petitioner was rehabilitated, that disparity between guideline ranges for crack and powder cocaine were unfair and failure to assert Miranda violations); Napper v. Thaler, H-10-3550, H-10-3551, 2012 WL 1965679 at *21-*22 (S.D. Tex. May 31, 2012) (claim that counsel was ineffective for failing to move to suppress pretrial identification, failing to prepare petitioner to testify, and failing to present an opening statement did not relate back to claim that counsel was ineffective for failing to hire DNA expert or to seek a continuance to conduct additional

12

DNA testing); Perez v. United States, CV-00-3435 (DGT), 2009 WL 1606470 at *4-*5 (E.D.N.Y. June 8, 2009) (claim of ineffective assistance of trial counsel based on conduct prior to verdict did not relate back to claim that trial counsel was ineffective at sentencing); Jenkins v. Graham, 06 Civ. 10200 (CM)(JCF), 2009 WL 1119383 at *3 (S.D.N.Y. Apr. 23, 2009) (Francis, M.J.) (claim of ineffective assistance of appellate counsel based on failure to assert trial counsel was ineffective for failing to argue that indictment was facially deficient did not relate back to claim that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to preserve claim of retaliatory sentencing).

In light of the foregoing, the ineffective-assistance claims petitioner now seeks to assert -- counsel's alleged failure to object to Government Exhibit 71 and his failure to pursue certain lines of cross-examination with respect to four witnesses -- do not share a common core of facts with the ineffective-assistance claims that petitioner originally as-serted, i.e., counsel was ineffective for failing (1) to present evidence in mitigation of petitioner's sentence (2) inform the government or the Court that petitioner was working as an infor-mant with the Immigration and Naturalization Service regarding an alien smuggling operation, and (3) inform the Government that

13

petitioner could provide information concerning two unsolved murders. The claims petitioner now seeks to assert all relate to events occurring at trial; the claims originally asserted all relate to events occurring at sentencing. In addition to the lack of temporal commonality, the claims petitioner now seeks to assert rely on a host of facts that are unrelated to the claims originally asserted, to wit, the facts underlying the preparation of Government Exhibit 71, petitioner's ability to read and understand Exhibit 71, and whether petitioner was in fact engaged in plea discussions at the time Government Exhibit 71 was written. Similarly, the second claim petitioner now seeks to add is also dependent on facts that bear no relationship to the claims concerning petitioner originally asserted concerning his sentencing, to wit, the consistency between the trial testimony of Fedesov, Leeper, Campanella and Sezer and their prior statements and testimony.

Because the newly asserted claims do not bear a close factual relationship with the claims petitioner originally asserted, I find that they do not relate back to the date of the original petition. Because petitioner does not assert any other theory under which the claims could be considered to be timely asserted, I conclude that the claims are futile and the motion to amend should, therefore, be denied. Because all of the claims in

the original petition have already been denied, the action should be closed.

Finally, because I conclude that the untimeliness of the claims petitioner now seeks to add is not subject to any colorable legal or factual challenge, I do not reach the merits of those claims.

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that petitioner's motion to amend the petition be denied and that the matter be closed.

In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, I also recommend that a certificate of appealability not be issued. 28 U.S.C. § 2253. To warrant the issuance of a certificate of appealability, "petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Middleton v. Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam) (internal quotation marks omitted); see also Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (per curiam). For the reasons set forth above, I conclude that there would be no difference of

15

opinion among reasonable jurists that the motion does not relate back to the date of the original Section 2255 motion and is, therefore, untimely.

I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Kimba M. Wood, United States District Judge, 500 Pearl Street, Room 1910, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Wood.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male

Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        July 26, 2012

                              Respectfully submitted,

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Mr. Mustafa Ozsusamlar
Reg. No. 18188-050
USP Marion
United States Penitentiary
P.O. Box 1000
Marion, Illinois  62959

Abigail S. Kurland, Esq.
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York  10007